STATE OF MAINE　　　　　　　　　　SUPERIOR COURT
KENNEBEC, ss　　　　　　　　　　　　CIVIL ACTION
　　　　　　　　　　　　　　　　　　　DOCKET NO. AP-07-38
　　　　　　　　　　　　　　　　　　　*NM- KEN- 1/18/2008*


RAYMOND MOSHER,

　　　　　　Petitioner

v.　　　　　　　　　　　　　　　　　　DECISION AND ORDER

STATE OF MAINE,
SECRETARY OF STATE,
BUREAU OF MOTOR
VEHICLES,

　　　　　　Respondent

DONALD L. GARB...
LAW I...

FEB 15 2008

The petitioner appeals the respondent's hearing officer's decision dated 5/10/07. The hearing officer found probable cause to believe the petitioner operated a motor vehicle, a backhoe, while having at least .08% or more by weight of alcohol in his blood and found that the petitioner did operate a motor vehicle while having at least .08% of alcohol by weight in his blood. (R. Tab 5 at 3.)

The issue in this case, as the hearing officer stated in his decision, was whether the petitioner was operating an excavator, which is not a motor vehicle, or a backhoe, which is a motor vehicle. (R. Tab 5 at 2.) The trooper's report and testimony support the hearing officer's conclusion that the petitioner was operating a backhoe. (R. Tab 7 at 6-10, 18-22, 33-37, 143-45, 149-50.); (R. Ex. 1.) The field sobriety tests and the intoxilyzer result support the conclusion that the petitioner had an excessive blood-alcohol level. (R. Tab 7 at 10-18; 37-45, 126-28.); (R. Ex. 2); 29-A M.R.S.A. §§ 2453(3) & 1253(2). The hearing officer's decision and findings are supported by substantial evidence on the record. 5 M.R.S.A. § 11007(4)(C)(5); Davric v. Maine Corp., 1999 ME 99, ¶ 7, 732 A.2d 289, 293.

The record does not reveal bias, unlawful procedure, or arbitrary or capricious action sufficient to overturn the hearing officer's decision. The hearing officer chose to believe the testimony of the trooper, as opposed to the testimony of the petitioner, who had a .15% blood-alcohol level, the testimony of Mr. Hills, who admitted he was intoxicated on the evening in question, and the testimony of Mr. Farley, a friend of the petitioner who was also tested for impairment. (R. Tab 7 at 31, 47-48, 54-61, 106-07, 113, 136-40, 148, 156.) The petitioner's allegation that "[d]uring the hearing, Respondent told of another hearing in which the trooper's credibility was determinative" is not supported by the record cite or the record in general. (Pet.'s Mem. at 6; Tab 7 at 148.)

Finally, the hearing officer's findings were sufficient. He wrote a two-page decision and specifically incorporated the trooper's testimony, the trooper's report, and the intoxilyzer report.

The entry is

> The Decision of the Respondent State of Maine, Secretary of State, Bureau of Motor Vehicles is AFFIRMED.

Date: January 18, 2008

Nancy Mills
Justice, Superior Court

Date Filed __6/11/07__ ___Kennebec___ Docket No. __AP-07-38__
County

Action ___Petition For Review___
80C

J. STUDSTRUP

Raymond A. Mosher     vs.     State of Maine, Secretary of State, Bureau of Motor Vehicles

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Scott Quigley, Esq.<br>Laskoff & Associates<br>PO Box 7206, 103 Park Street<br>Lewiston, ME 04243-7206 | Gwendolyn D. Thomas, AAG<br>6 State House Station<br>Augusta, ME 04333-0006 |

| Date of Entry | |
|---|---|
| 6/12/07 | Petition For Review of Administrative Suspension of License, filed 6/11/07. s/Quigley, Esq. |
| 6/20/07 | Letter entering appearance, filed. s/Thomas, AAG |
| 7/11/07 | Certified record filed. s/Thomas, AAG |
| 7/17/0 | Notice and Briefing Schedule mailed to attys. of record. |
| 8/17/07 | Petitioner's Brief filed by S.Quigley |
| 9/19/07 | 9/17/07:Brief of Respondent Secretary of State, Bureau of Motor Vehicles filed by G. Thomas AAG |
| 1/25/08 | DECISION AND ORDER, Mills, J. (dated 1/18/08)<br>The decision of the Respondent State of Maine, Secretary of State, Bureau of Motor Vehicles is AFFIRMED.<br>Copies mailed to attys of record.<br>Copies mailed to Deborah Firestone, Garbrecht Library and Goss. |